| 78 | 439 |
| 83 | 217 |

### THE MISSOURI PACIFIC RAILWAY COMPANY v. J. C. SOMERS.

#### No. 3214.

**1. Reversal upon the Facts.**—Although this court has the power to review a case upon the facts, and to set aside a verdict which has evidence to support it, that power has ever been reluctantly exercised. But it is the right and duty of the court to set aside a verdict when it is against such a preponderance of the evidence that it is clearly wrong. See example.

**2. Employe Knowingly Using wefective Machinery.**—If the employe know of the defect in a piece of machinery he is called upon to use, by using it he takes the risk of the danger incident to that defect, whatever that danger may be. He can not recover for an injury resulting from that defect, whether inevitably dangerous or not.

**3. Knowledge of One of Two Concurring Causes of Injury.**—Because a servant knows of one defect he does not take the risk of another of which he has no knowledge, and if both contribute to injure him he is entitled to recover, provided but for the unknown defect the accident would not have happened.

**4. Case Adhered to.**—Missouri Pacific Railway v. Somers, 71 Texas, 700, adhered to.

APPEAL from Hunt. Tried below before E. B. Perkins, Special District Judge.

This is an action for personal injuries, commenced by appellee against appellant June 18, 1887. Appellee alleges that on April 22, 1887, he was in the employ of appellant as brakeman; that the brake being out of order, it was necessary for him to loosen it by knocking under the car with a piece of wood, and to do this he had to go on the platform and reach under the car, which brought his head eight or ten inches beyond the side of the car, and while in this position his head struck a cattle guard which he alleges was constructed too close to the track for the safety of the employes on the train. Appellant answered with a general denial, and specially that the guards were properly constructed; that if improperly constructed, appellee had notice before the injury, and also had notice of the defective condition of the brake prior to the injury.

The case was twice tried; once appealed to the Supreme Court and reversed. The judgment on this trial was for $523.66 in favor of plaintiff, from which defendant appealed. The facts are in the opinion.

*Head & Dillard*, for appellant.— 1. If the servant have notice of the defect and continues in the employment after such notice, he assumes the

risks incident thereto, and it is not necessary that such defect should be necessarily and inevitably dangerous to exempt the master. Railway v. Bradford, 66 Texas, 732.

2. It is reversible error for the court to give to the jury a charge upon an issue not raised both by the pleading and the evidence in the case. Railway v. Platzer, 73 Texas, 117; Railway v. Tierney, 72 Texas, 312.

3. Where the servant has knowledge that a number of cattle guards along the track are in too close proximity thereto, he assumes all risks incident to all the guards that are in that condition. Railway v. Somers, 71 Texas, 700.

4. The verdict of the jury is contrary to the law and contrary to the evidence, and especially is it contrary to the evidence in these particulars:

(1) The evidence shows that plaintiff knew of the defective condition of the brake, knew the position of this particular cattle guard with regard to the track, and knew that many cattle guards were too close to the track.

(2) The evidence shows that the particular cattle guard at which plaintiff was injured was at a proper distance from the track.

(3) Plaintiff's recovery is dependent upon his own testimony and his manner of testifying, and his testimony on this trial, taken in connection with his testimony on the first trial, shows him to be totally unworthy of belief.

*B. F. Looney*, for appellee.—No diligence was required of plaintiff to look out for or to ascertain the existence of cattle guards too near the track. Railway v. Lehmberg, 75 Texas, 61.

GAINES, ASSOCIATE JUSTICE.—This case was before this court at the Tyler Term, 1888, and the judgment was then reversed because the evidence was insufficient to support the verdict. The case is reported in 71 Texas Reports, 700. It was then held that if the cattle guards were dangerously near to the track of the railroad, the appellee, according to his own testimony, should be deemed to have known of the faulty construction and to have taken the risk. It was apparent he could not recover for the defect in the brake, for that he well knew. His testimony upon the trial which resulted in the judgment now appealed from was variant from that upon the first trial; but admitting that it was all true, it may be doubted whether it presents any better case. But however that may be, we are of opinion that the verdict should not be permitted to stand, because the overwhelming weight of the evidence goes to show that what he swore upon the first trial in reference to his knowledge of the cattle guards was true. Upon the last trial he admitted his former testimony in part, and in so far as it was not admitted it was proved by the special judge who presided at that trial and by the attorney who then represented him. Upon the last occasion he swore that at the time of

the injury he did not know that the cattle guards were too near the track, and attempted to explain his former testimony by saying, in substance, that he had been in the service of the company in 1882 and 1883, and then again in 1887 (the time when the injury was received); that he was testifying as to the condition of the cattle guards during his first employ- ment, and would have so stated, but the attorney for the defendant would not let him.   He explained his deposition which had been taken in the case in a similar manner, saying that the notary would not permit him to explain that it was the condition of the cattle guards in 1882 and 1883 about which he was testifying.   He also testified that he did not know what had struck him, although upon a former trial he had said he was struck by a cattle guard.   He explained this by saying that he said it was a cattle guard because the conductor and brakeman had told him so. The conductor and brakeman both testified that he told them that he saw the cattle guard before he struck it, but thought he could get his head back before he reached it.   At the time of giving their testimony these witnesses had left the service of the appellant.   The appellee, as to the disputed facts, depended solely upon his own testimony, uncorroborated by any witness.

Such being the evidence, we feel constrained to hold that the court be- low should have granted a new trial upon the motion of the defendant. Although this court has the power to review a case upon the facts, and to set aside a verdict which has evidence to support it, that power has ever been reluctantly exercised.   But it is the right and duty of the court to set aside a verdict when it is against such a preponderance of the evi- dence that it is clearly wrong.   Willis v. Lewis, 28 Texas, 185; Dimmitt v. Robbins, 74 Texas, 441.

The plaintiff was contradicted by two disinterested witnesses; on two different trials he gave two inconsistent versions of the facts upon a most material point, and gave a very unsatisfactory explanation of the incon- sistency.   There was no evidence to support his case but his own.   It seems to us, therefore, that the jury must have been controlled in their verdict more by their sympathy for a hard-working, zealous man, injured in a dangerous employment, than by the law of the case as applied to the evidence.

Since the case is to be remanded, it is necessary to pass upon some other questions which may arise upon another trial.

The fourth paragraph of the charge complained of by appellant is cer- tainly correct as a proposition of law, but we think it misleading.   It is strictly true as charged that "a person in the employ of a railway com- pany who knowingly uses defective machinery can not recover for inju- ries sustained solely on account of such known defect, if the use of such machinery is necessarily dangerous;" but is it true that he can recover if it is not necessarily dangerous?   We think not.   We understand the rule

to be that if he knows of the defect in a piece of machinery he is called upon to use, he takes the risk of the danger incident to that defect, whatever that danger may be. He can not recover for an injury resulting from that defect, whether inevitably dangerous or not.

The following paragraph of the court's charge is also assigned as error:

"If the jury find from the evidence that plaintiff was a brakeman on a freight train in the employment of defendant, and that it was his duty to put on and off the brake on the caboose on such train, and that he could not do so without going on the platform of said caboose and stooping down to knock the same off, and that such an act was one that a reasonably prudent man would have done under similar circumstances, and that the same was not necessarily and inevitably dangerous, and that in throwing off such brake in such way plaintiff was injured by reason of the fact that the cattle guard constructed by defendant was negligently and improperly constructed, so as to throw it in too great proximity to the caboose and to thereby render it dangerous to the employes of defendant in the discharge of their duties, and that defendant had notice of such negligent and defective construction of said cattle guard, or might by the exercise of reasonable diligence have known the same, and that plaintiff was ignorant thereof and was not in possession of facts that would put a reasonably prudent man upon inquiry as to the same, and would not have learned it by exercising due diligence, and was not guilty of contributory negligence in such act, then the jury should find for the plaintiff.

"But if the jury find from the evidence that plaintiff's act in attempting to knock off the brake in the manner in which he did it, if the jury find he made such attempt, was such an act as a reasonably prudent man would not have attempted under similar circumstances, or that such act was necessarily or inevitably dangerous, or that plaintiff knew or might have known by the exercise of ordinary care how such cattle guard was constructed, or was in possession of such facts as would put a reasonably prudent man upon inquiry as to the manner of the construction of such cattle guard, or that in attempting to perform such act plaintiff was guilty of contributory negligence, as hereinbefore defined, then in either of such events the jury should find for the defendant."

We doubt if there is anything in these instructions of which appellant can justly complain. The plaintiff could not recover for the defect in the brake, and although the mode adopted for loosening it may not have been free from danger in itself, yet if the injury resulted from a negligently constructed cattle guard, and he was ignorant that there were such cattle guards along the road, he would still be entitled to recover. To say that he could not recover if it was necessarily dangerous to operate the brake in the manner and by the means used by him for loosening it is a charge prejudicial to him and not to the defendant. Because a servant knows of one defect he does not take the risk of another of which

he has no knowledge, and if both contribute to injure him, he is entitled to recover, provided but for the unknown defect the accident would not have happened. It is not a question of contributory negligence, for the law does not impute negligence to him for knowingly using defective implements or machinery. He merely assumes the risks of such defects as are known to him.

There was nothing in the case calling for an instruction upon the rule as to fellow servants, and the charge upon that subject should not have been given.

The fourth special instruction asked by defendant was improperly refused. It is as follows: "Should you find from the evidence that the cattle guard was too close to the track, and should you further find from the evidence that plaintiff did not know that this cattle guard was too close to the track, yet if you find from the evidence that at and prior to the time he received his injuries he knew there were a number of cattle guards too close to the track along the line, and that a man leaning over in the way in which he was leaning over when he was hurt was likely to receive an injury, then you are instructed that he assumed all risks incident to this condition of affairs, and if he was thereby injured he can not recover, and you will find for the defendant."

This embodies the law as laid down in the former opinion. Would it be insisted that an engineer, who knows that many of the ties of a railroad over which he is accustomed to run his train are rotten and unsafe, and who is injured by a derailment caused by such a tie, did not assume the risk of that injury because he did not know the condition of that particular tie?

For the error of the court in overruling the motion for a new trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 25, 1890.