St. Louis Southwestern Railway Co. v. George Threat.

### No. 1000.

1. **Master and Servant—Defective Machinery—Injury from Concurring Causes—Contributory Negligence.**

Plaintiff, a railway employe, while working in the service, was injured through the fall and breaking of a crane, the fall resulting from a defect in the pulley by which the crane was operated, and the breaking being a result of the fall and also of a latent defect or crack in the crane. The crane and pulley were operated together as one piece of machinery, and plaintiff knew of the defect in the pulley, but not of that in the crane. Held, that it was error for the court to charge that if the injury was caused by a flaw in the crane and also by a defect in the pulley, concurring and contributing to the injury, plaintiff's negligence in using the defective pulley would not exempt the defendant company from liability for the other defect.

2. **Same—Ordinary Prudence the Criterion.**

So, on the other hand, it would have been error to have charged, as requested by defendant, that plaintiff's use of the pulley with knowledge of the defect therein, exempted the defendant from liability for the injury, since such knowledge would not have that effect if a man of ordinary prudence, knowing of the condition of the pulley, would have undertaken to use the crane under the circumstances.

3. **Same—Notice to Master—Knowledge of Servant.**

In an action against a railway company by an employe for injuries resulting from defective machinery, it was error to charge that defendant was liable if any of its servants knew of the defect, since it would be liable only for the knowledge of those servants whose duty it was to see that the machinery was kept in a reasonably safe condition and state of repair.

Appeal from Smith. Tried below before Hon. Felix J. McCord.

*Marsh & Butler* and *Sam H, West,* for appellant.—1. When defects in machinery, of which the servant has knowledge, directly or proximately, contribute to produce the injury, the servant cannot recover of the master for such injury, and this though such known defects may not have been the sole and only cause of the injury. Railway v. Orm, 64 Texas, 485; Murray v. Railway, 73 Texas, 2; Railway v. Coldewood, 89 Ala., 247 (18 Am. St. Rep., 105); Ring v. Cahors, 77 N. Y., 83; Railway v. Kellogg, 94 U. S., 469; Railway v. Callaghan, 56 Fed. Rep., 988; Beach on Con. Neg., 25, et seq.; 2 Thomp. on Neg., 1063, et seq.; Bishop's Non-Contract Law, sec. 458, et seq.

2. While a servant, if injured by or through the concurring negligence of the master and a fellow servant, may recover from the master for the injury upon the ground that the master is in this respect one of two joint wrong doers, yet when the servant's own negligence contributes with that of the master to produce the injury the servant cannot recover. Railway v. Shearer, 1 Texas Civ. App., 343; Railway v.

Somers, 78 Texas, 439 (S. C., 71 Texas, 700); Railway v. McClain, 80 Texas, 85; McDonald v. Railway, 22 S. W. Rep., 939; Stellar v. Railway, 9 Central Law Journal, 131; Railway v. Cummings, 106 U. S., 700; Bishop, Non-Contract Law, secs. 608, 684, 458, 459; Cooley on Torts, 560, 563; Beach, Cont. Neg., secs. 94, 96; Whart. on Neg., sec. 244; 2 Thomp. on Neg., 981, 1017, 1146; Wood's Master and Servant, 914; Railway Accident Law (Patterson), 337, 373; Whitaker's Smith on Negligence, 138, 397.

3.   If the proximate cause of the breaking down of the crane was the defective pulley of which plaintiff had notice, then he could not recover, and this, though appellant's servants and agents, whose duty it was to keep said machine in repair, may have been guilty of negligence in regard to the crack in the collar of said machine. Railway v. Brentford, 79 Texas, 619; Railway v. Brown, 21 S. W. Rep., 424.

*Chilton & McIlwaine,* for appellee.—1.   Because a servant knows of one defect he does not take the risk of another of which he has no knowledge, and if both contribute to injure him he is entitled to recover, provided, but for the unknown defect the accident would not have happened. Railway v. Somers, 78 Texas, 439; Railway v. Wilson, 3 Texas Civ. App., 583; Railway v. Shearer, 1 Texas Civ. App., 343; Railway v. McClain, 80 Texas, 85; Cooley on Torts, 560; Railway v. Cummings, 106 U. S., 700.

2.   The fact that appellee may have had notice that the pulley was out of fix should not charge him with contributory negligence, unless he also had notice of the crack in the crane, which the defect in the pulley rendered dangerous. Railway v. Wilson, 3 Texas Civ. App., 583.

3.   To preclude a recovery for personal injuries the contributory negligence relied on must be the proximate cause of the injury, without which it would not have happened. Railway v. McClain, 80 Texas, 85; Railway v. Ormond, 64 Texas, 489; Wood, Master and Servant, sec. 319.

GARRETT. CHIEF JUSTICE.—This action was brought to recover damages for personal injuries.   The appellee was at work in appellant's machine shops at Tyler, and while he was helping to remove an axle weighing about 400 pounds from an axle lathe, which was being done by means of a crane and a chain and pulley, the crane broke and fell upon him.   The pulley, also called the "sprocket wheel" in the evidence, had notches or cogs upon which the chain worked.   On account of the worn condition of the cogs, the chain would sometimes slip in moving an axle and let it fall, and then catch again and stop the axle with a sudden jerk upon the arm of the crane.   The break in the crane occurred at the collar, and there was evidence that there was an old crack or break in it at the place it broke which weakened it.   Appellee knew of the defective condition of the pulley, but had no knowledge of the crack in collar of the crane, or of any fact that ought to have required him to know of it.   The worn and defective condition of the wheel was

open and easily to be seen, but the crack or old break would only appear from an examination. An employe had discovered the crack about ten days before the accident, and, as he testified, had told appellant's general foreman of the shops about it. It is quite apparent from the testimony that if there was an old break in the collar of the crane as described by the witnesses, the accident resulted from a combination of two causes, for one of which the appellee had assumed the risk by continuing to work with the pulley with full knowledge of its defective condition; but for the other cause the appellant might be held liable; if the appellee was without fault, certainly so. But at the request of appellee, the following special instruction was given to the jury:

"You are further charged that if you believe from the evidence that the injury in this case, if any, was produced by a crack or flaw in the collar of the crane, and also by a defect in the chain or pulley attached to said crane, concurring, and that each of said causes contributed to the injury, the fact that one of the causes might have been avoided by the plaintiff, or that with reference to it he may have been guilty of negligence, would not exempt the defendant as to the other."

This charge relieved the appellee from the effect of any negligence which on his part may have contributed to the injury by the use of the pulley. If no man of ordinary prudence, knowing of the condition of the pulley, would have undertaken to use the crane under the circumstances, then the appellee would have been guilty of such negligence as would shut him off from a recovery if the accident would not have happened but for the defect in the pulley. The crane and the chain and pulley attached to it were in effect one piece of machinery operated together and dependent on each other, and the defect in the pulley extended to the whole apparatus, it not following, however, that the mere knowledge on the part of the appellee of a defect in the pulley would exempt the appellant from liability for a defect in the crane. Such being the case, the instruction complained of was error. Appellee relies upon the case of Railway v. Somers, 78 Texas, 439, to sustain the charge, but that case is not applicable to the facts of this, for the reason that there was no connection between the defective brake and the cattle guard, and the use of the brake by the appellee was not negligent under the circumstances. They were independent causes.

The special instructions requested by the appellant upon this phase of the case were not correct, because they made the use of the pulley by the appellee with knowledge of the defect exempt the appellant from liability without regard to the question of negligence on the part of appellee.

The charge of the court complained of in the fourth assignment of error is obnoxious to the objection urged against it, that it makes the appellant liable if any of its servants knew of the defect in the crane, when it would only be liable for the knowledge of those whose duty it was to see that it was kept in a reasonably safe condition and state of

repair. The failure to repair the crane, if it was out of repair, was a question of negligence that should have been submitted to the jury.

It is not necessary to notice any of the other assignments of error,. as it does not appear that a disposition thereof will be of any practical use in another trial of the case. For error in the charge above pointed out, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 6, 1896.