MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY OF TEXAS v. R. T. DICKSON.

Decided November 11, 1905.

**1.—Appeal—Reversal on the Facts.**

The power of the Appellate Court to reverse a case on the facts will not be exercised unless the verdict is against such a preponderance of the evidence that it is clearly wrong.

**2.—Defective Appliance—Question for Jury.**

Where one of the stay chains of a spout for watering engines was broken and had been for several days, the spout being eight feet long and the chain only eighteen inches, and a fireman injured in using the spout testified that he did not know the chain was broken and had not watered an engine there for several months, it could not be said as a matter of law that the defect in the chain was patent and obvious, the question being one for the jury.

**3.—Personal Injury—Measure of Damages—Difference of Wages.**

The measure of damages where a party is negligently injured and entitled to recover for impaired capacity to earn money, is the difference between the wages he was capable of earning before the injury and those he was capable of earning thereafter.

**4.—Same—Wages—Expenses Deducted—Hospital Fees.**

In determining the wages earned, hospital fees, insurance, etc., are not to be considered unless they are incident to the employment and are estimated in fixing the wages and go toward the increase of the salary by reason of being incident to such employment.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

*T. S. Miller, A. S. Beaty* and *C. H. Smith,* for appellant.—The broken or disconnected condition of the stay-chain was obvious and patent as a matter of law. Rogers v. Galveston City Ry., 76 Texas, 502; Texas & Pac. Ry. v. Bradford, 66 Texas, 736; International & G. N. Ry. v. McCarthy, 64 Texas, 632; Galveston, H. & S. A. Ry. v. Lempe, 59 Texas, 19; Brown v. Miller, 62 S. W. Rep., 547; Jones v. Galveston, H. & S. A. Ry., 31 S. W. Rep., 476.

*Wolfe, Hare & Maxey,* for appellee.—1. A verdict will not be set aside on the facts, even if it is apparently against the weight and preponderance of the evidence and is not clearly right. It is only where there is no evidence to sustain the verdict, or where it is so manifestly against the weight and preponderance of the evidence as to be clearly wrong, that a verdict will be set aside on the facts. The finding of the jury that the broken or disconnected condition of the stay-chain caused the flow-spout to swing around, and was the cause of appellee's injuries, is amply supported by the evidence. Harden v. Hodges, 8 Texas Ct. Rep., 261; Galveston, H. & S. A. Ry. Co. v. Sweeney, 36 S. W. Rep., 800; Missouri, K. & T. Ry. Co. v. Edwards, 67 S. W. Rep., 891; Smith v. Pierce, 62 S. W. Rep., 1074; Brisco v. Bronaugh, 1 Texas, 340; Houston & T. C. Ry. Co. v. Lee, 69 Texas, 560; Owens v. Missouri Pac. Ry. Co., 67 Texas, 683; Williams v. Ford, 27 S. W. Rep., 723; Mutual Life Ins. Co. v. Hayard, 88 Texas, 327.

2. The measure of damages in the regard embraced in said assignment is appellee's diminished capacity to labor and earn money, in determining which he was entitled to have the jury consider the wages earned by him before he was injured, without regard to his expenditures. Gulf, W. T. & P. Ry. Co. v. Abbott, 24 S. W. Rep., 299.

RAINEY, CHIEF JUSTICE.—Appellee sued appellant to recover damages for personal injuries caused by the alleged negligence of appellant. Appellee alleged, in effect, that he was a fireman on one of appellant's locomotive engines, and while in the performance of his duties as such, in handling a water spout for the purpose of watering the engine, by reason of one of the stay-chains to said spout being broken or disconnected, he was thrown from the tender to the ground and injured. Defendant answered by general denial, assumed risk and contributory negligence. The trial resulted in a verdict and judgment for plaintiff.

The first assignment of error complains of the court for refusing to direct a verdict for the defendant, as requested, because a preponderance of the evidence showed that the broken or disconnected condition of the stay-chain could not have caused the injury to plaintiff. The evidence shows that appellee was fireman on an engine pulling one of appellant's freight trains, which stopped for water at a tank near Sadler, where appellee, in the discharge of his duty, lowered the flow-spout of said tank into the manhole of the engine. After the engine tank was filled he raised the spout, and was in the act of handing it to a brakeman on a box car next to the tender to enable the brakeman to water some hogs that were in the box car, when the spout showed less resistance than usual and to be expected, and swung around to the side of the tank to which it was attached, causing appellee to lose his balance, fall and receive his injuries. The base of this spout was about sixteen inches in diameter, and fit loosely over a small vent pipe, or goose-neck, projecting some eighteen inches from the lower part of the tank next to the railroad track. The spout was of metal, and was smaller at the other end. It was fastened and held at its base to the large wooden tank by means of two chains, called stay-chains, and the other end was raised and lowered by chains fastened near that end and passing thence through pulleys near the top of the tank. It was undisputed that a stay-chain on one side of the spout was broken or disconnected at the time of the accident, and it was the chain on the side from which the spout swung, and had been in this condition for several days before the accident, of which plaintiff was ignorant. The weight of the water-spout was estimated from sixty to two hundred pounds.

The power of this court to reverse a case on the facts is recognized, but that power has ever been reluctantly exercised, and never is exercised unless the verdict is against such a preponderance of the evidence that it is clearly wrong. (Missouri Pac. Ry. v. Somers, 78 Texas, 439.) We do not consider the verdict in this case clearly wrong. It is true the evidence of plaintiff was contradicted as to what effect a broken or disconnected stay-chain would have in operating the water-spout, and a model was exhibited representing the tank that tended to contradict the plaintiff, etc., but as to this model the plaintiff stated that he had since the accident examined the tank, and such model was not a cor-

rect representation thereof.    There was testimony contradicting the plaintiff as to the amount of wages he earned.    But these were all matters for the consideration of the jury, and the jury having determined them against the railway company, we do not feel authorized, under the evidence, to say that the verdict is wrong.

The proposition is made that "the broken or disconnected condition of the stay-chain was obvious and patent as a matter of law."    The plaintiff testified that he had not watered an engine at this tank for about three months before the time he was injured, and that he did not know the chain on that water-spout was broken.    It was shown the chain had been broken for several days before the accident.    The spout was eight or nine feet in length.    The stay-chains were about eighteen inches and connected with the tank.    The evidence is not conclusive that the defect in the chain was such that we should say, as a matter of law, it was patent and obvious, but it was a question for the jury. (Texas & Pac. Ry. Co. v. Crow, 3 Texas Civ. App., 266, 22 S. W. Rep., 929.)

We see no error in the exclusion of the evidence as to deductions made by defendant from plaintiff's gross earnings, for hospital fees, insurance, etc.    These items show in part what disposition he made of his wages, and such disposition had no material or controlling effect on plaintiff's right to recover for loss of, or impaired, ability to earn money.    It was not shown that these expenses were incident to his service as a locomotive fireman, and such was not proper for the jury's consideration.    The rule is that, when a party is negligently injured and entitled to recover for impaired capacity to earn money, the measure of damages is the difference between the wages he was capable of earning before his injury and those *he was capable of earning thereafter.*    (Gulf, W. T. & P. Ry. Co. v. Abbott, 24 S. W. Rep., 299.)    From this it follows, we think, that expenses are not to be considered, unless such expenses are incident to the employment, and are estimated in fixing the wages, and go toward the increase of the salary by reason of being incident to such employment.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.