FILED IN
Court of Appeals

APR 03 2015

Lisa Matz
Clerk, 5th District

No. 05-15-00238-CV

IN THE

FIFTH COURT OF APPEALS

AT DALLAS

----------

FEYSAL A. GHAFFARI, AND

IRANA HAGHNAZARI

Appellant,

v.

DREES CUSTOM HOMES L.P., AND

THE DREES COMPANY

Appellee.

----------

Appealed from the 417 Court of
Collin County, Texas

---

## APPELLANT'S BRIEF

PRO-SE FEYSAL A. GHAFFARI,
AND IRANA HAGHNAZARI
2301 ALL SAINTS LANE
PLANO, TEXAS 75025
Tel. (972) 527-1234
Fax {_____}

ATTORNEY FOR APPELLEE,
WESLY C. MANESS
1000 Ballpark Way #300
Arlington, Texas 76011

(817)299-2843

(817)877-8176 (FAX)

APPELLANT REQUESTS ORAL ARGUMENT

APPELLANT'S BRIEF

1

No. 05-15-00238-CV

FEYSAL A. GHAFFARI, and IRANA HAGHNAZARI

Appellant,

v.

DREES CUSTOM HOMES L.P., and THE DREES COMPANY,

Appellee.

---
## IDENTITY OF PARTIES & COUNSEL
---

Appellant certifies that the following is a complete list of the parties, attorneys, and any other person who has any interest in the outcome of this lawsuit:

1. Appellant/Plaintiff, Feysal A. Ghaffari, and Irana Haghnazari,

2. Appellee/Defendant, Drees Custom Homes L.P., and The Drees Company,

   Wesly C. Maness (Lead Counsel)

   Texas Bar No. 00784518

   Shannon Gracy, Ratliff & Miller, L.L.P.

   1000 Ballpark Way, Suite 300

   Arlington, Texas 76011

   (817) 299-2843

   (817) 877-8176 ( FAX )

   wmaness@shannongracy.com

This list is furnished so that members of the Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

NOTE:    The law firm of Shannon Gracy, and attorney Wesly C. Maness Plaintiff's Notice of No-Response, doing the same act of abandonment TRCP 165, never did put the first appearance yet, so we know for the record is them Male/Female, Tall/Short, Fat/Skinny?

APPELLANT'S BRIEF

TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ............................................................Page 2

INDEX OF AUTHORITIES..........................................................................Page 4

APPELLANT'S BRIEF INTRODUCTION .............................................Page 5

STATEMENT OF THE CASE.......................................................................page 6

ISSUES PRESENTED...................................................................................page 7

STATEMENT OF FACTS ............................................................................page 8

SUMMARY OF THE ARGUMENT ............................................................page 9

ARGUMENT...............................................................................................page 10

PRAYER......................................................................................................page 11

APPENDIX..................................................................................................page 12

CERTIFICATE OF SERVICE ....................................................................page 13

APPELLANT'S BRIEF

# INDEX OF AUTHORITIES

## CASES

*Missouri P.R.R. Co. v. Somers*, 14 S.W. 779, 780 (Tex. 1890).  In *Gulf, C. & S.F.R. Co. v. Wilson*, 59 S.W. 589, 591 (Tex. App.-Houston [1st Dist.] 1900, no writ), ............10

## RULES

Tex. R. App. P. 34................................................................................................8

Tex. R. App. P. 41................................................................................................8

TRCP 194 DISCOVERY...................................................................... 8

## CONSTITUTION

Tex. Const. art. 1, §3...........................................................................................7

## STATUTES

Tex. Bus. & Com. Code
Section 17.43 33, 38, 43
Section 17.45(5) ..................................................................................................6

Tex. Gov't Code, Section 312.005 .....................................................................6

## RULES

Tex. R. App. P. 24.2.............................................................................................7

Tex. R. App. P. 35.1.............................................................................................7

TRCP 165 ABANDOMENT ................................................................ 6

APPELLANT'S BRIEF

No. 05-15-00238-CV

FEYSAL A. GHAFFARI, and IRANA HAGHNAZARI,

Appellant,

v.

DREES CUSTOM HOMES L.P., and THE DREES COMPANY,

Appellee.

## APPELLANT'S BRIEF

Appellant, Feysal A. Ghaffari, and Irana Haghnazari, files their brief. Appellant will be referred to as appellant. Appellee, Drees Custom Homes L.P., and The Drees Company, will be referred to as Drees.

APPELLANT'S BRIEF

## STATEMENT OF THE CASE

Plaintiff sued defendant on 3/4/2014 for 10 years valid until 12/17/2014, Structural Warranty Breach and violations of the DTPA 17.45 by purchase. (CR 23). Defendant filed a general denial and asserted the affirmative defense of limitations. (CR 13). That the defendant made material misrepresentations and practicing warranty fraud to plaintiff, which were fraudulent and violated the DTPA and 60 days Fair Notice was given and RCLA was not violated. (CR 12). Defendant filed motions for entry of automatic order of abatement (CR 40). Plaintiff response to defendant motion to abate and show authority was filed on 4/28/2014. (CR 21). Defendant abandonment the case TRCP 165, and refused to answer the discovery. (CR 26). Defendant knowingly did not appear on 10/16/2014 abatement hearing first default judgment. (CR 50). Second default judgment took place on 11/13/2014 intentionally failure to abate. (CR 54). Third failure to abate/default judgment was on 12/12/2014 which defendant knowingly/intentionally refused to put appearance, and the judge could not Erred by issuing no answer from parties signing Order of dismissal for want of prosecution, when this plaintiff was present and the Court Reporter Recorded plaintiff's prove up. (CR 64). plaintiff filed for new trial. (CR 65). Plaintiff made verified motion to reinstate. (CR 69). After 75 days overruled by operation of law, plaintiff filed notice of appeal on 3/2/2015. (CR 73). The trial court rendered order of dismissal on 12/12/2014. (CR 64).

APPELLANT'S BRIEF

ISSUES PRESENTED FOR REVIEW

Issue 1: The Court Reporter Records evidence does not support the Order of Dismissal for want of prosecution 12/12/2014, and questions about practicing warranty fraud. (RR 01), Line 14, "Hearing on motion for default judgment".

Issue 2: The trial court should not have making this type great mistakes to demolishing the plaintiff's Rights of recovery after prove up of 12/12/2014, intentionally calling plaintiff absent, and taking side awarding defendant dismissal, when defendants do not deserve winning. (CR 64).

Issue 3: The trial court should not have rendered dismissal order against plaintiff for cumulative damages for concurrent causes of actions arising out of the same acts.

Issue 4: Plaintiff on 4/28/2014 finalized the defendant's request for abating 3/28/2014, the automatic order of abatement of 5/3/2014 was improper; never hearing date to remove this matter within 60 days was unjustifiable. (CR 40).

Issue 5: Wholly three defaults of defendant and abandonment TRCP 165 of defendant knowingly and intentionally not showing interest by refusing Notice of No Response. (RR 02 Line 7).

Issue 6: Fair Notice of December 12, 2013 the 60 days final demand notice is given for DTPA, and RCLA Damage limitation of $495,558.00 prove up on 12/12/2014 has been made during the defendant's third (3rd) default judgment hearing. (RR 05 Line 23).

Issue 7: Hearing of 12/12/2014 was for default judgment not want of prosecution hearing. (RR 01) Line 14.

Issue 8: Ten years foundation warranty breach was in effect, valid until 12/17/2014.

Issue 9: Defendant's Original answer asked for abatement, it's over a year and defendant knowingly refused to abate, created three default judgments in absentia. This cause of action must be dismissed in favor of the plaintiff.

Issue 10: The trial court never met the defendant(s), or it's representative(s), to know if that is a he/she/it, tall/short, black/white, or fat/skinny, non-existing defendant never put any appearances in court yet, (Online-Collin County Court #417)? and won.

APPELLANT'S BRIEF

## STATEMENT OF FACTS

Feysal A. Ghaffari and Irana Haghnazari, plaintiff, purchased this residential called Drees custom home located in 2301 All Saints lane Plano, Texas 75025, in 2008. (RR 2). Christmas 2011 plaintiff noticed foundation cracks on the floor, contacted Drees to do the foundation warranty repairs, they were buying time verses get down to the repair business, and Drees advised plaintiffs to do not do any repairs or your warranty will be null & void, after long time and no job has been promised, Drees repair crew brought some unmatched ceramics and wanted to change only few tiles, we did not agree to this minor unmatched tile repair, plaintiff demanded foundation repair must be done first before laying down entire new tiles replacing the entire old tiles since it was going to be different colors, Drees did not agree to do it right repair job, and challenged plaintiff to legal action, on December 12, 2013 the 60 days Fair-Notice been sent, See attached exhibit "C", to the plaintiff's Original Petition of 3/4/2014. (CR 12).

Defendant's Original Answer of March 28, 2014 came with plea in Abatement and motion to show authority, plaintiff overcome and furnished everything on 4/28/2014 the defendant asked for, including the statute of limitations has run, which plaintiff proved Drees being wrong again, and warranty is valid until 12/17/2014. (CR 23). Suddenly the unreasonable automatic order of abatement on 5/3/2014 and that is why the defendant went to hideout and never put any appearances, and flatly intentionally refused to abate, on 10/16/2014, 11/13/2014, and 12/12/2014 with a help of judge Harold Gaither who think that he is above the Law, switching from Hearing on motion for default judgment. (RR 01). TO: an non-existing Order of dismissal for want of prosecution. (CR 64).

Plaintiff filed motion for new trial on 12/15/2014, the trial Court refused to have a hearing on that fiat, Notice of Appeal, and Docketing Statement, also defendant flatly refused and violated the Rule 194, to do request for Disclosure, Interrogatories, requests for Admissions, request for Productions, and Special Exceptions, without any consequences, there is no Notice of Response from 12/15/2014 until present yet. (RR 4).

No Notice of Response means the fourth (4th) default judgment is demanded.

APPELLANT'S BRIEF

## SUMMARY OF THE ARGUMENT

Plaintiff's first argument challenges the sufficiency of the judge's findings of liability on Warranty Breach and DTPA. Defendant candidly admits there is evidence in the record that supports the fraud and DTPA finding by refusing to show & tell and by hiding discovery procedures. However, considering the legal standards that must be applied when a testimony is inconsistent, plaintiff believes testimony should be disregarded *as a matter of law*. Once the court subtracts Drees's incredible explanation of Abatement he made to the court, the credible evidence will not support the verdict. In the alternative, plaintiff argues that even if there is some evidence, the evidence is factually insufficient and the court should reverse the order to judgment and should not remand for a new trial because of biasness of the trial court.

Plaintiff's second argument challenges the submission of the general issue on damages. By submitting the issue as it did during the prove up. How could damage prove up be overruled by the court switching from hearing on motion for default judgment. (RR 01). to non existing issue of dismissal for want of prosecution. (CR 64)

Plaintiff's last argument is that the trial judge permitted the plaintiff to recover for both fraud and DTPA for the same act of the defendant, clearly a double recovery. At a minimum, defendant is entitled to have the order to judgment reformed and subtract the damages for one of the causes of action, and to eliminate the prejudgment interest on those damages. See attached Exhibit "D", which the Court Reporter also should have it.

9

APPELLANT'S BRIEF

## ARGUMENT

Issue 1: The evidence does not support the judge's answers to questions about violations of the DTPA, and the questions about fraud/warranty breach.

### Argument & Authorities

The entire argument under the legal and factual sufficiency challenges hangs on Drees's credibility. If Drees is credible, then his version of the negotiations with plaintiff should stand and honor the foundation warranty, and the court should overrule his points challenging the sufficiency of the evidence to support the verdict. If, however, Drees is not credible, the court should reverse the trial court's order to judgment to favor of plaintiff.

The Supreme Court has permitted the credibility of a party to be questioned on appeal when the party's testimony is inconsistent and is contradicted by disinterested bad faith non-existed abatement. *Missouri P.R.R. Co. v. Somers*, 14 S.W. 779, 780 (Tex. 1890). In *Gulf, C. & S.F.R. Co. v. Wilson*, 59 S.W. 589, 591 (Tex. App.-Houston [1st Dist.] 1900, no writ), there was no abatement in reality, just another excuse.

10

## PRAYER

The only explanation for Drees's problem with the foundation problem is that the homes they are building is no custom at all, and has no quality, but; Drees done these fraudulent activities so many times, out of half million dollars profits per home, they pay few thousand to attorney Wesly Maness to clean up Drees's warranty fraud for peanut, creating incredible motion for abatement to win by default, but; the three, and with the fourth default judgment being in this Appellate Court so far with Notice of No Response, for the reasons stated in this brief, plaintiff asks the court to sustain the legal sufficiency issues and render judgment for plaintiff. If the court overrules the legal sufficiency challenge to the evidence, defendant asks the court to reverse and do not remand because of biasness, based on the factual sufficiency issues or the error in the charge. In the alternative, plaintiff asks the court to modify the order to judgment to delete the double damages and prejudgment interest on the double damages rewarding the plaintiff for this intentional non custom built home sufferings past many years, and just.

Respectfully submitted,

G. Raffari

Pro-Se Feysal A. Ghaffari & Irana
2301 All Saints Lane
Plano, Texas 75025
(972) 527-1234

11

APPELLANT'S BRIEF

No. 05-15-00238-CV

FEYSAL A. GHAFFARI, and IRANA HAGHNAZARI,

Appellant,

v.

DREES CUSTOM HOMES L.P., and THE DREES COMPANY,

Appellee.

_____

## APPELLANT'S APPENDIX

_____

## LIST OF ATTACHED DOCUMENTS

1. appealable order dated 12/12/2014 (CR 64)..................................................Exhibit A

2. statutes, or constitutional provisions relied upon (CR 25).............................Exhibit B

3. Contracts or any other document that is central to the case (CR 12)...............Exhibit C

4. Any other documents or items relied upon, excerpts from the record PROVE UP...Exhibit D

APPELLANT'S BRIEF

## CERTIFICATE OF SERVICE

I certify that I faxed a copy of Appellant's Brief to Wesly C. Maness, counsel of record for Drees, and whose address is 1000 Ballpark Way, Suite 300 Arlington, Texas 76011, (817) 299-2843, and whose fax number is (817) 877-8176, on April 03, 2015.

_Ghaffari_

Pro-Se Feysal A. Ghaffari, Appellant

13

APPELLANT'S BRIEF

NO. 417-00816-2014

Feysal A Ghaffari and Irana Haghnazari vs.
Drees Custom Homes L.P. and The Drees
Company

In The 417th District Court

Of Collin County, Texas

## ORDER OF DISMISSAL FOR WANT OF PROSECUTION

On December 12, 2014, having been set on the Court's dismissal docket, with the case being called, and no answer from the parties, the Court finds that the above-numbered and styled case should be dismissed for want of prosecution.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** that the above-numbered and styled case be, and (including Registry monies) the same hereby is dismissed for **WANT OF PROSECUTION.**

SIGNED this the 12ᵗʰ day of December, 2014.

_____
JUDGE PRESIDING

EXHIBIT "A"



May 16, 2012

Irana Haghnazari
2301 All Saints Lane
Plano, TX. 75025

Dear Irana Haghnazari:

In response to your request work order #1089517 you were concerned about a potential structural failure of the foundation due to hairline cracks in the tile. Upon inspection by Advanced Foundation and Bryan Conner, Drees Warranty Representative, it was found that these cracks are due to seasonal movement and not related to a structural failure as noted in the 10-Year Structural Warranty Program. Per conversations with Mr. Conner we have agreed to replace the area in question with a like material and grade of tile. At this time we have not been able to make contact with you to schedule an appointment for the replacement. Once you receive this letter will you contact the Customer Care Department and we will re-issue a work order to have the cracked tile replaced.

Customer Care Department can be reached at 800-827-5998 or via email at dreeswarrantydfw@dreeshomes.com

Your 10-Year Structural Warranty is valid until December 17, 2014.

Thank you for selecting Drees Custom Homes as your homebuilder.

Sincerely,
Drees Custom Homes L.P.

Mike Davis
Customer Care Manager

cc: Customer File
    Marcus Cummings, Construction Manager

EXHIBIT B



MeMr. Commings, I'm glad that you did not change the floor tiles in 2010, or 2011, 2012, and this year 2013 becaus you did-NOT have "THE-SAME-MATCHING TILES" every year, since you were NOT going to do a

To Marcus Cummings
Dec 12, 2013

Mr. Commings,
I'm glad that you did not change the floor tiles in 2010, or 2011, 2012, and this year 2013 becaus you did-NOT have **"THE-SAME-MATCHING TILES"** every year, since you were NOT going to do anything to the **FOUNDATION**, only changing the few-tiles, by now since the FOUNDATION-CRACKS damages are all over and conestantly damages are growing, multi-color-TILES would not help to sell this **CUSTOM-BUILT-HOME** of yours (I know a $30,000.00 Fox & Jacob 30 years old has NO-FOUNDATION-Problem). According to the Law for Deceptive Trade Practice Act we have to give Drees Custom Homes Builders **SIXTY (60) DAYS-FINAL-DEMAND-NOTICE** before filing the lawsuit of February 2014, which you Chalenged us, verses taking care of this warranty-work responsibility after this many years of suferings (Family of four 4).
$500,000.00 homes you pocketed and called it CUSTOM, which is worst than $30,000.00 Fox & Jacob, and refusing to service your warranty work, what a CUSTOM-MADE-DEAL.
Happy Holidays anyway
Show message history


On Thursday, December 12, 2013 11:32 AM, Marcus Cummings <MCummings@dreeshomes.com> wrote:
Mr. Nazar, I received your email dated 12/11/13. Attached is the Advanced Foundation recommendation letter and elevation surveys from 12/20/11 and 8/14/05. The foundation was within industry specifications per the survey dated 12/20/11 and required no structural repairs. As discussed by phone, Drees is willing to take elevations on your foundation again to assure you it is within industry specifications. Please contact me with available dates to schedule this appointment.


Thank You,

Marcus Cummings | Construction Manager



6225 State Hwy 161 | Suite 150 | Irving, Tx 75038
P: 972-953-4561 | F: 972-953-0394

dreeshomes.com

-----Original Message-----
From: Dallas_scans@dreeshomes.com [mailto:Dallas_scans@dreeshomes.com]
Sent: Thursday, December 12, 2013 11:16 AM
To: Marcus Cummings
Subject: Message from "RNP00267342A207"

This E-mail was sent from "RNP00267342A207"Dallas_scans@dreeshomes.comReplyReply AllForwardMoreMinimizeClose


EXHIBIT 'C'

October 23, 2014

<u>TO WHOM IT MAY CONCERN</u>

DREES CUSTOME HOMES VALUE

<u>2301 ALL SAINTS LANE PLANO, TEXAS 75025</u>

Present going market approximately value of this 3,726 S.F. X $126.00 = $469,476.00

REMAX REALTY

EXHIBIT "D"

To
amarksberry@co.collin.tx.us
Apr 1 at 12:21 AM
Dearest Ms. Boundes,
The following pages need to be redo for **ERRORS** to be accepted by
the Appelate 5th District Court:
Page 1. Line 18 the correct year is **2014** ( 2012 ),
Page 4. Line 09 **Maness,**
Page 4. Line 21 **Made,**
Page 5. Line 07 **Notified,**
Page 5. Line 09 **Notified all parties,** them **TOO,**
Page 6. Line 02 **Intentionally** abandoned,
Page 6. Line 13 $133.**00**
Page 6. Line 20 shows that Plaintiff supplied some **EXHIBITS** for his
PROVE-UP are EXIST.
Page 9. Line 03 **Why we are in Court** (where we are),
Page 9. Line 09 **Quality** (quiet).
Thanks, Feysal

PS. I have NOT received the over-paid of **$169.50** yet.


The COURT-REPORTER is NOT COMMUNICATING.

G. Raffari
─────────────
APPELLANT

EXHIBIT "E"