ACCEPTED
02-17-00165-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/11/2017 4:36 PM
DEBRA SPISAK
CLERK

NO. 02-17-00165-CV

IN THE
SECOND COURT OF APPEALS
AT FORT WORTH, TEXAS

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

12/11/2017 4:36:45 PM

DEBRA SPISAK
Clerk

LAURIE VOIGHT, Appellant,

v.

KEVIN VOIGHT, Appellee.

ON APPEAL FROM THE
324TH DISTRICT COURT OF TARRANT COUNTY, TEXAS
TRIAL COURT NO. 324-610645-17

**AMENDED APPELLEE'S BRIEF**

KAREN L. BAYLOR
State Bar No. 00798549
BAYLOR FAMILY LAW
9500 RAY WHITE ROAD
SUITE 200
FORT WORTH, TEXAS 76244
Tel. (817) 745-4705
Email: karen@baylorfamilylaw.com

ATTORNEY FOR APPELLEE
KEVIN J. VOIGHT

ORAL ARGUMENT NOT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.2 of the Texas Rules of Appellate Procedure, the undersigned counsel for Appellee certifies that the following is a list of all parties and counsel to the Trial Court's Order, including a designation of the trial counsel and a correction of appellee counsel:

Trial Counsel for Appellant:

KYLE CLAUNCH
State Bar No. 04326150
301 West Central Avenue
Fort Worth, Texas 76164
Tel.: (817) 335-4003
Fax: (817) 335-7112

Appellate Counsel for Appellant/Petitioner:

Perry J. Cockerell
State Bar No. 04462500
Adkerson, Hauder & Bezney P.C.
1700 Pacific Avenue, Suite 4450
Dallas, Texas 75201
Tel.: (214) 740-2521
Fax: (214) 740-2501
pcockerell@ahblaw.net

| Trial Counsel for Appellee: | Appellate Counsel for Appellee/Respondent: |
|---|---|
| Aaron L. Benter | Karen L. Baylor |
| State Bar No. 24059051 | State Bar No. 00798549 |
| MARX, ALTMAN & JOHNSON | BAYLOR FAMILY LAW |
| 2905 Lackland Road | 9500 Ray White Road, Suite 200 |
| Fort Worth, Texas 76116 | Keller, Texas 76244 |
| Tel.: (817) 926-2611 | Tel.: (817) 745-4705 |
| Fax: (817) 926-6188 | karen@baylorfamilylaw.com |
| aaronbenter@majadmin.com | |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL…………………………………ii

TABLE OF CONTENTS………………………………………………..iii

INDEX OF AUTHORITIES………………………………………….iv

STATEMENT OF FACTS………………………………………….1

SUMMARY OF ARGUMENT…………………………………………..3

ARGUMENT…………………………………………………..5

PRAYER………………………………………………...13

CERTIFICATE OF COMPLIANCE & CERTIFICATE OF SERVICE……….15

APPENDIX…………………………………………………..16

     A      ASSOCIATE JUDGE'S SUPPLEMENTAL REPORT

     B      TEXAS FAMILY CODE, CHAPTER 9

# INDEX OF AUTHORITIES

**CASE LAW**

*Beck v. Walker,* 154 S.W.3d 895 (Tex. App.-Dallas 2005, no pet.)

*Bell Aerospace Corp. v. Anderson*, 478 S.W.2d 191 (Tex.Civ.App.-El Paso, 1972)

*DeGroot v. DeGroot,* 369 S.W.3d at 922 (Tex.App.-Dallas 2008, no pet.)

*Garza et al. v. Alviar et al.*, 395 S.W.2d 821 (Sup.Ct. 1965)

*Hollingsworth v. Hollingsworth*, 274 S.W.3d 811 (Tex. App. - Dallas 2008)

*Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80 (Tex. 1992)

*In re Pyrtle*, 433 S.W.3d 152 (Tex. App. - Dallas, 2014)

*In re T.J.L.,* 97 S.W.3d 257 (Tex. App.-Houston [14th Dist.] 2002, no pet.)

*Missouri Pac. Ry. Co. v. Somers,* Tex. 439, 14 S.W. 779 (1890)

*McMillen Feeds, Inc. of Texas et al. v. Harlow*, 405 S.W.2d 123 (Tex.Civ.App.)(Ref. n.r.e.)

**TEXAS FAMILY CODE**

Tex. Fam. Code §§ 9.001 – 9.010

**ARTICLES**

Robert W. Calvert, 38 Tex.Law Rev. 361

30 Texas L.Rev. 803

# STATEMENT OF FACTS

The underlying case was initiated by KEVIN J. VOIGHT (APPELLEE) with a Petition for Enforcement of Property Division by Contempt. (CR 4). The property division was originally set out in a Final Decree of Divorce signed by the 324th Judicial District Court of Tarrant County, Texas, on January 10, 2017. That Final Order was referenced in Mr. VOIGHT's Petition for Enforcement. The provisions sought to be enforced from the Order (Final Decree of Divorce) were also clearly and specifically stated in his Petition for Enforcement, along with LAURIE A. VOIGHT's (APPELLANT's) exact violation of the Final Decree of Divorce through her failure to move from the residence confirmed as the separate property KEVIN J. VOIGHT (APPELLEE) by a date certain. (Id.). The date of compliance in the Final Decree of Divorce is NOVEMBER 15, 2016, however, this date was inadvertently recorded in the Petition for Enforcement as NOVEMBER 1, 2016. (Id.). This was a clerical error by trial counsel when drafting the Petition. This error WAS NOT brought to the attention of the under Court prior to or during the hearing below. It was clarified in testimony to the Court in the hearing on the Enforcement. (RR 9, 28, 29, 40 & 41). No objections were considered as to alleged vagueness of the Petition for Enforcement.

An Associate Judge's Supplemental Report (not an "Order") was rendered on February 24, 2017, with the date of February 26, 2017, as the date APPELLANT was to deliver the residence to APPELLEE following the filing of

1

his Petition for Enforcement. (CR 14). The same Report noticed all parties of the reset date (MARCH 17, 2017) for the Hearing on the Petition for Enforcement. (Id.). The Report went on to specifically reserve the issue of damages until the reset date. (Id.).

On March 17, 2017, the Court took testimony that APPELLANT did not move out of the residence on or before November 15, 2016; that APPELLANT did not move out of the residence on or before November 30, 2016; that APPELLANT did not move out of the residence on or before February 26, 2017; and that the APPELLANT did not move out of the residence until March 3, 2017. (RR 10, 11, 19, 28, 29, 41 & 42). APPELLEE testified that he incurred damages due to APPELLANT's failure to move out of his separate property residence. (RR 12, 13, 24 & 25). Said damages were expenses APPELLEE incurred as a direct result of not being allowed rightful use of his residence, specifically, housing expenses (rent and deposits) for himself, boarding expenses for his dogs, and additional expenses for medical injections for his dogs while being boarded. (Id.).

After receiving testimony and evidence, the under Court signed an Order finding LAURIE A. VOIGHT (APPELLANT) failed to comply with and therefore violating the provisions of the order (Final Decree of Divorce) when she did not vacate the residence at 4201 Spindletree Lane, Fort Worth, TX 76137 until March 3, 2017. (CR 15 & 19). The Court below went on to award damages to KEVIN J. VOIGHT (APPELLEE) in the amount of $5,000.00 for Ms. VOIGHT's failure to comply with the Final Decree of Divorce. (Id.)(RR 24). This $5,000.00 was ordered to be deducted from the $16,500.00 owed to Ms. VOIGHT under other provisions of the Final Decree of Divorce. (Id.).

2

## SUMMARY OF ARGUMENT

The Orders entered enforcing the Final Decree of Divorce and finding LAURIE A. VOIGHT (APPELLANT) in contempt should be confirmed.

APPELLANT's suggestion to the Honorable Court that it is not possible to determine the exact compliance date for move out is erroneous and misleading. Though the date of November 1, 2016, was recorded in APPELLEE's Petition for Enforcement as an inadvertent clerical error, the date Ordered in the Final Decree of Divorce for APPELLANT to turn over KEVIN J. VOIGHT's (APPELLEE's) separate property residence was clarified through testimony elicited at the Enforcement hearing in open Court as being November 15, 2016. (RR 9, 28, 29, 40 & 41). This date Ordered in the Final Decree of Divorce was not contested by APPELLEE in the Enforcement hearing.

The Associate Judge did not "extend" the move out date Ordered in the Final Decree of Divorce. Rather, the Associate Judge's Supplemental Report provided a means of enforcement of the division of property made in the Final Decree of Divorce by establishing a new date and time to deliver the specific existing property (APPELLEE's separate property residence) awarded previously. (CR 14). The original date of compliance, November 15, 2016, remains enforceable under the Final Decree of Divorce. APPELLANT's own testimony in the Court below was that she moved out on March 3, 2017, eight (8) days AFTER

3

the date in the Associate Judge's Supplemental Report. (RR 29). Had the Report been reduced to writing and entered with the Court as an Order, APPELLEE was within his legal rights to amend his Motion for Enforcement after February 26, 2017, and request a *second* count of Contempt be Ordered against APPELLANT, not give up his legal right to the first count.

Further, this is not a case of a "hold over tenant" or of "special damages". It is a Post-Divorce Enforcement of Property case under Chapter 9 of the Texas Family Code. The remedy utilized by the Trial Court of the reduction to money judgment following APPELLANT's failure to delivery the property awarded in the Decree is not only the "proper measure of damages", it is statutorily sanctioned when delivery of the property alone is no longer an *adequate* remedy. Tex. Fam. Code Ann § 9.010. Considering the financial damages KEVIN J. VOIGHT (APPELLEE) suffered from LAURIE A. VOIGHT's (APPELLANT's) failure to comply with the Court's Order, the award of $5,000.00 for damages is not an abuse of the Trial Court's discretion. (RR 47).

4

## ARGUMENT

APPELLANT first presents **the issue of whether the trial court abused its discretion in holding LAURIE A. VOIGHT in contempt of court for not timely moving out of the marital residence because there was no evidence of the court order that was violated and the compliance date was extended.**

KEVIN J. VOIGHT, APPELLEE, would begin his argument in support of the Trial Court's ruling by address the legal term "abuse of discretion" when applied to a Texas Family Code Chapter 9 case. A trial court's decision to grant or deny the relief requested in a post-divorce motion for clarification or enforcement is reviewed for an abuse of discretion. *See Hollingsworth v. Hollingsworth,* 274 S.W.3d 811, 815 (Tex. App.-Dallas 2008, no pet.). When, as here, the trial court did not file findings of fact and conclusions of law, we imply that the trial court made all findings necessary to support the judgment and will uphold those findings if supported by sufficient evidence. *See Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83-84 (Tex. 1992); *Beck v. Walker,* 154 S.W.3d 895, 901 (Tex. App.-Dallas 2005, no pet.). Under the abuse of discretion standard, sufficiency of the evidence is not an independent ground of error but rather is a relevant factor in assessing whether the trial court abused its discretion. *Beck,* 154 S.W.3d at 902; *In re T.J.L.,* 97 S.W.3d 257, 266 (Tex. App.-Houston

5

[14th Dist.] 2002, no pet.). When acting as fact finder, the trial court is the sole judge of witnesses' credibility and can draw reasonable inferences from the facts. *See Beck,* 154 S.W.3d at 901.

**No Evidence of the Court Order**

In the instant case, the property division was originally set out in a Final Decree of Divorce signed by the 324th Judicial District Court of Tarrant County, Texas, on January 10, 2017. That Final Order and date of entry were referenced in Mr. VOIGHT's Petition for Enforcement. (CR 4). The provisions sought to be enforced from the Order (Final Decree of Divorce) were also clearly and specifically stated in his Petition for Enforcement, along with LAURIE A. VOIGHT's (APPELLANT's) exact violation of the Final Decree of Divorce through her failure to move from the residence which had been confirmed as the separate property of KEVIN J. VOIGHT (APPELLEE) by a date certain. (Id.). The date of compliance in the Final Decree of Divorce is NOVEMBER 15, 2016, however, this date was inadvertently recorded in the Petition for Enforcement as NOVEMBER 1, 2016. This was a clerical error by trial counsel when drafting the Petition. This error WAS NOT brought to the attention of the under Court prior to or during the hearing below. Testimony was elicited to clarify this issue at the Hearing on the Motion for Enforcement. (RR 9, 28, 29, 40 & 41). Further, no objections were considered as to alleged vagueness of the Petition for Enforcement due to this clerical error.

It is *uncontested* by APPELLANT that on March 17, 2017, the Court took

6

testimony from the parties that APPELLEE, KEVIN J. VOIGHT, agreed to allow APPELLANT, LAURIE A. VOIGHT, to remain an extra 15 days at the residence; that he agreed she could stay in the residence until November 30, 2016; that APPELLANT did not move out of the residence on or before November 15, 2016; that APPELLANT did not move out of the residence on or before November 30, 2016; that APPELLANT did not move out of the residence on or before February 26, 2017; and that the APPELLANT did not move out of the residence until March 3, 2017. (RR 10, 11, 19, 18, 29, 41 & 42). Additional *uncontested* testimony of APPELLEE was that he incurred damages due to APPELLANT's failure to move out of his separate property residence; that said damages were expenses APPELLEE incurred as a direct result of not being allowed rightful use of his residence; and specifically, that those damages included housing expenses (rent and deposits) for himself, boarding expenses for his dogs, and additional expenses for medical injections for his dogs while being boarded. (RR 12, 13, 24 & 25).

It is significant to note that the February 26, 2017, date was brought into testimony because an Associate Judge's Supplemental Report (not an "Order") was rendered on February 24, 2017, with the date of February 26, 2017, as the date APPELLANT was to deliver the residence to APPELLEE following the filing of his Petition for Enforcement. (CR 14). The same Report noticed all parties of the reset date (MARCH 17, 2017) for the Hearing on the Petition for Enforcement. (Id.). The Report went on to specifically reserve the issue of damages until the reset date. (Id.).

7

The basic rule for considering 'no evidence' and 'insufficient evidence' points of error is contained in the article of Robert W. Calvert, 38 Tex.Law Rev. 361. In deciding 'no evidence' points, the reviewing Court should view the evidence in its most favorable light in support of the finding of fact, considering only the evidence and inferences which support the finding and rejecting the evidence and inferences to the contrary. In considering 'insufficient evidence' points, the entire record must be considered, and such points sustained if the evidence is factually insufficient to support a finding or if the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. It is the duty of this Court to consider the 'no evidence' points first.

…

As Chief Justice Calvert of the Texas Supreme Court stated in 38 Texas Law Review at p. 367:

'If there is evidence of probative force tending to prove the existence of a vital fact and evidence tending to disprove its existence and the point of error is that the finding is against the great weight and preponderance of the evidence, the rule by which a Court of Civil Appeals should be guided in passing on the point is simple even if the conclusion to be reached in a particular case is difficult. If the finding of the existence of the fact, considering all of the evidence, is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust,

8

the court should sustain the point and order a new trial; otherwise, the court should overrule the point and affirm.' (Citing *Missouri Pac. Ry. Co. v. Somers,* 78 Tex. 439, 14 S.W. 779 (1890); 30 Texas L.Rev. 803). See also *Garza et al. v. Alviar et al.*, 395 S.W.2d 821 (Sup.Ct.1965); *McMillen Feeds, Inc. of Texas et al. v. Harlow*, Tex.Civ.App., 405 S.W.2d 123 (Ref. n.r.e.). *Bell Aerospace Corp. v. Anderson*, 478 S.W.2d 191, 195 – 198, (Tex.Civ.App.-El Paso, 1972).

APPELLEE respectfully suggest to the Honorable Court that the trial court did not abuse its discretion in holding Laurie Voight in contempt of court for not timely moving out of the marital residence. Based on Chief Justice Calvert's "no evidence" analysis herein above, this court should view the evidence in its most favorable light in support of the finding of fact, considering only the evidence and inferences which support the finding and rejecting the evidence and inferences to the contrary court. When held to that burden, the trial court could have found sufficient evidence to make all findings necessary to support the judgment.

**Compliance Date was Extended**

The Associate Judge did not "extend" the move out date Ordered in the Final Decree of Divorce. Rather, the Associate Judge's Supplemental Report provided a means of enforcement of the division of property made in the Final Decree of Divorce by establishing a new date and time to deliver the specific existing property (APPELLEE's separate property residence) awarded previously. (CR 14).

9

The original date of compliance, November 15, 2016, remains enforceable under the Final Decree of Divorce. APPELLANT's own testimony in the Court below was that she moved out on March 3, 2017, eight (8) days AFTER the date in the Associate Judge's Supplemental Report. (RR 29). Had the Report been reduced to writing and entered with the Court as an Order, APPELLEE was within his legal rights to amend his Motion for Enforcement after February 26, 2017, and request a *second* count of Contempt be Ordered against APPELLANT, not give up his legal right to the first count.

Subchapter "A" of Chapter 9 of the Texas Family Code is titled "Suit to Enforce Decree." *See* Tex. Fam.Code Ann. §§ 9.001–.014 (West 2006 & Supp.2013). Pursuant to that subchapter, a party affected by a decree of divorce providing for a division of property may request enforcement of that decree by filing a suit to enforce in the court that rendered the decree. *Id.* § 9.001. Generally, the court that rendered the decree of divorce retains the power to enforce the property division contained therein. *Id.* § 9.002. Specifically, "the court may render further orders to enforce the division of property made in the decree of divorce ... to assist in the implementation of or to clarify the prior order." *DeGroot,* 369 S.W.3d at 922 (citing Tex. Fam.Code Ann. § 9.006(a)). The trial court "may specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not

10

altered or changed." Tex. Fam.Code Ann. § 9.006(b)… "To enforce a division in a divorce decree of specific, existing property, the trial court may order the property to be delivered." *DeGroot,* 369 S.W.3d at 922 (citing Tex. Fam.Code Ann. § 9.009). *In re Pyrtle*, 433 S.W.3d 152 (Tex. App. - Dallas, 2014).

This is exactly what the trial court did when it signed the Associate Judge's Supplemental Report that "LAURIE VOIGHT will move out of 4201 Spindletree, Fort Worth, TX 76137 by Sunday, February 26, 2017, at 3:00 p.m.". (CR 14). The original date of compliance, November 15, 2016, remains enforceable under the Final Decree of Divorce. That original date was not "extended".

The Honorable Court should overrule the APPELLANT's first point and affirm the trial court's Orders.

APPELLANT's second issue presented is **whether the trial court erred in granting $5,000.00 in damages to KEVIN J. VOIGHT because it was the improper measure of damages for a holdover tenant and the damages offered were special damages that were not pled.**

APPELLEE would respectfully advise the Court that this query is a simple misunderstanding of the law. The case before the Court is not a case of a "hold over tenant" or of "special damages". It is a Post-Divorce Enforcement of Property case under Chapter 9 of the Texas Family Code. The remedy utilized by the Trial Court of the reduction to money judgment following APPELLANT's

11

failure to delivery the property awarded in the Decree is not only the proper measure of damages, it is a self-contained, statutorily sanctioned measure of damages when delivery of the property alone is no longer an *adequate* remedy. To wit, "[i]f a party fails to comply with a decree of divorce or annulment and delivery of property awarded in the decree is no longer an adequate remedy, the court may render a money judgment for the damages caused by that failure to comply." Tex. Fam. Code Ann. § 9.010.

Much like the ruling in *Pyrtle*, the trial court had the authority to reduce the property division made in the divorce decree to a money judgment pursuant to section 9.010 of the family code. *Id.*; *DeGroot*, 369 S.W.3d at 923; *Campbell,* 2011 WL 2436513, at *3. Considering testimony received by the Court below regarding the financial damages KEVIN J. VOIGHT (APPELLEE) suffered from LAURIE A. VOIGHT's (APPELLANT's) failure to comply with the Court's Order, the award of $5,000.00 for damages is not an abuse of the Trial Court's discretion. (RR 12, 13, 24 & 25). Hence, the trial court did not err in granting $5,000.00 in damages to KEVIN J. VOIGHT. (CR 15 & 19)(RR 47).

The Honorable Court should overrule the APPELLANT's second point and affirm the trial court's Orders.

12

**PRAYER**

In conclusion, APPELLEE, KEVIN J. VOIGHT, prays this Honorable Court find that the trial court did not abuse its discretion in determining

(1)     that LAURIE A. VOIGHT (APPELLANT) failed to comply with the Final Decree of Divorce provisions, since these provisions were clearly and specifically stated in KEVIN J. VOIGHT's (APPELLEE's) Petition for Enforcement, as was LAURIE A. VOIGHT's (APPELLANT's) exact violation of the Final Decree of Divorce through her failure to move from the residence confirmed as the separate property KEVIN J. VOIGHT (APPELLEE) by a date certain (November 15, 2016). Additionally, the parties testified to same in open Court, and both Court Orders entered following the hearing set out the same;

(2)     that under Chapter 9 of the Texas Family Code, LAURIE A. VOIGHT (APPELLANT) was in contempt for this violation of the Trial Court's Order whether or not she had moved from the property as of the date of the contempt hearing;

(3)     that under Chapter 9 of the Texas Family Code, delivery of property awarded in the Decree was no longer an *adequate* remedy considering the damages KEVIN J. VOIGHT (APPELLEE) suffered from this failure to comply;

(4)     that under Chapter 9 of the Texas Family Code, the court properly rendered a money judgment for the damages against LAURIE A. VOIGHT (APPELLANT) caused by her failure to comply;

13

(5)     that this is not a case of a "hold over tenant" or of "special damages", but rather that under Chapter 9 of the Texas Family Code, the remedy of the reduction to money judgment was proper and *in addition to* the other remedies provided by law;

(6)     that under Chapter 9 of the Texas Family Code, the enforcement of the division of property made in the Final Decree of Divorce by and thru the Associate Judge's Supplemental Report to deliver the specific existing property awarded previously on a new date and time was NOT an extension for the original date of compliance.

APPELLEE, KEVIN J. VOIGHT, further prays this Honorable Court affirm the Trial Court's judgment and award APPELLEE costs for defending this appeal.

Respectfully submitted,

KAREN L. BAYLOR
Texas Bar No. 00798549
Email:  karen@baylorfamilylaw.com
9500 RAY WHITE ROAD
SUITE 200
FORT WORTH, TEXAS 76244
Tel. (817) 745-4705
Attorney for Appellee
KEVIN J. VOIGHT

14

## CERTIFICATE OF COMPLIANCE

This brief was prepared using MicroSoft Word. I certify that the word count according to said software, excluding the cover, tables/indices, signature block and certificates, is 3309 words. I have no reason to believe it is inaccurate.

KAREN L. BAYLOR
ATTORNEY FOR APPELLEE

## CERTIFICATE OF SERVICE

I certify that on November 22, 2017, a true and correct copy of Amended Appellee's Brief was served on PERRY J. COCKERELL electronically at pcockerell@ahblaw.net, as provided by the Texas Rules of Appellate Procedure, and the electronic transmission was reported as complete.

KAREN L. BAYLOR
ATTORNEY FOR APPELLEE
E-mail:  karen@baylorfamilylaw.com

# **APPENDIX**

Tex. Fam. Code, Chapter 9 (partial)……………………………………………A

ASSOCIATE JUDGE'S SUPPLEMENTAL REPORT…………………………...B

# A

**FAMILY CODE**
**TITLE 1. THE MARRIAGE RELATIONSHIP**
**SUBTITLE C. DISSOLUTION OF MARRIAGE**
**CHAPTER 9. POST-DECREE PROCEEDINGS**
**SUBCHAPTER A. SUIT TO ENFORCE DECREE**


Sec. 9.001.  ENFORCEMENT OF DECREE.  (a)  A party affected by a decree of divorce or annulment providing for a division of property as provided by Chapter 7, including a division of property and any contractual provisions under the terms of an agreement incident to divorce or annulment under Section 7.006 that was approved by the court, may request enforcement of that decree by filing a suit to enforce as provided by this chapter in the court that rendered the decree.

(b)  Except as otherwise provided in this chapter, a suit to enforce shall be governed by the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit.

(c)  A party whose rights, duties, powers, or liabilities may be affected by the suit to enforce is entitled to receive notice by citation and shall be commanded to appear by filing a written answer.  Thereafter, the proceedings shall be as in civil cases generally.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.
Amended by:
Acts 2013, 83rd Leg., R.S., Ch. 242 (H.B. 389), Sec. 5, eff. September 1, 2013.


Sec. 9.002.  CONTINUING AUTHORITY TO ENFORCE DECREE.  The court that rendered the decree of divorce or annulment retains the power to enforce the property division as provided by Chapter 7, including a property division and any contractual provisions under the terms of an agreement incident to divorce or annulment under Section 7.006 that was approved by the court.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.
Amended by:
      Acts 2013, 83rd Leg., R.S., Ch. 242 (H.B. 389), Sec. 6, eff. September 1, 2013.


      Sec. 9.003.  FILING DEADLINES.  (a)  A suit to enforce the division of tangible personal property in existence at the time of the decree of divorce or annulment must be filed before the second anniversary of the date the decree was signed or becomes final after appeal, whichever date is later, or the suit is barred.
      (b)  A suit to enforce the division of future property not in existence at the time of the original decree must be filed before the second anniversary of the date the right to the property matures or accrues or the decree becomes final, whichever date is later, or the suit is barred.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


      Sec. 9.004.  APPLICABILITY TO UNDIVIDED PROPERTY.  The procedures and limitations of this subchapter do not apply to existing property not divided on divorce, which are governed by Subchapter C and by the rules applicable to civil cases generally.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.

…

      Sec. 9.006.  ENFORCEMENT OF DIVISION OF PROPERTY.  (a) Except as provided by this subchapter and by the Texas Rules of Civil Procedure, the court may render further orders to enforce the division of property made or approved in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order.
      (b)  The court may specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not altered or changed.
      (c)  An order of enforcement does not alter or affect the finality of the decree of divorce or annulment being enforced.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.
Amended by:

Acts 2013, 83rd Leg., R.S., Ch. 242 (H.B. 389), Sec. 7, eff. September 1, 2013.

This section was amended by the 85th Legislature. Pending publication of the current statutes, see S.B. 1237, 85th Legislature, Regular Session, for amendments affecting this section.


Sec. 9.007.  LIMITATION ON POWER OF COURT TO ENFORCE.  (a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment.  An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

(b)  An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable.

(c)  The power of the court to render further orders to assist in the implementation of or to clarify the property division is abated while an appellate proceeding is pending.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 9.008.  CLARIFICATION ORDER.  (a)  On the request of a party or on the court's own motion, the court may render a clarifying order before a motion for contempt is made or heard, in conjunction with a motion for contempt or on denial of a motion for contempt.

(b)  On a finding by the court that the original form of the division of property is not specific enough to be enforceable by contempt, the court may render a clarifying order setting forth specific terms to enforce compliance with the original division of property.

(c)  The court may not give retroactive effect to a clarifying order.

(d)  The court shall provide a reasonable time for compliance before enforcing a clarifying order by contempt or in another manner.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 9.009. DELIVERY OF PROPERTY. To enforce the division of property made or approved in a decree of divorce or annulment, the court may make an order to deliver the specific existing property awarded, without regard to whether the property is of especial value, including an award of an existing sum of money or its equivalent.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.
Amended by:
Acts 2013, 83rd Leg., R.S., Ch. 242 (H.B. 389), Sec. 8, eff. September 1, 2013.


Sec. 9.010. REDUCTION TO MONEY JUDGMENT. (a) If a party fails to comply with a decree of divorce or annulment and delivery of property awarded in the decree is no longer an adequate remedy, the court may render a money judgment for the damages caused by that failure to comply.

(b) If a party did not receive payments of money as awarded in the decree of divorce or annulment, the court may render judgment against a defaulting party for the amount of unpaid payments to which the party is entitled.

(c) The remedy of a reduction to money judgment is in addition to the other remedies provided by law.

(d) A money judgment rendered under this section may be enforced by any means available for the enforcement of judgment for debt.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.

…


Sec. 9.012. CONTEMPT. (a) The court may enforce by contempt an order requiring delivery of specific property or an award of a right to future property.

(b) The court may not enforce by contempt an award in a decree of divorce or annulment of a sum of money payable in a lump sum or in future installment payments in the nature of debt, except for:

(1)  a sum of money in existence at the time the decree was rendered; or

(2)  a matured right to future payments as provided by Section 9.011.

(c)  This subchapter does not detract from or limit the general power of a court to enforce an order of the court by appropriate means.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.

# B

## ASSOCIATE JUDGE'S SUPPLEMENTAL REPORT

*L.R.*

324-__610645-17__

| | |
|---|---|
| FULL STYLE/ FIRST & LAST NAME | RESET DATE March 17, 2017 |
| | TIME __9:00 A.__ |
| Kevin Voight | ATTY. __Aaron Benker__ |
| AND | |
| Laurie Voight | __Kyle Claunch__ |

IN RE: _____

~~Laurie~~

Laurie Voight will move out of 4201 Spindletree, ~~Fort Worth~~ Fort Worth, TX 76137 by Sunday, February 26, 2017, at 3:00 p.m. ~~LAURIE VOIGHT WILL LEAVE HOUSE IN CONDITIONS AS SET FORTH IN DECREE~~

IT IS FOUND that Laurie Voight received a cashier's check for $600.00 for her February pension payment today in Court.

~~II~~ The issues of Petioner's damages and attorney's fees and Respondent's claim for undisclosed assets and attorney's fees are reserved until the reset date.

_Kyle Claunch_
_Attorney for Respondent_
_Laurie A. Voight_

DATE __2/24/17__

_attorney for Petitioner_
_Kevin Voight_
SO ORDERED:

_____
JUDGE PRESIDING

*THIS RECOMMENDATION/REPORT IS EQUIVALENT TO A DOCKET SHEET ENTRY ONLY AND WILL NOT BE CONSIDERED A FINAL ORDER UNTIL A TYPED ORDER IS SIGNED BY THE JUDGE. FAILURE TO SUBMIT A TYPED ORDER PURSUANT TO THIS RECOMMENDATION/REPORT SUBJECTS THIS MATTER TO BEING PLACED ON THE COURT'S DISMISSAL FOR WANT OF PROSECUTION DOCKET.*

TRANSACTION # 17